IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Martin Walter Lucas, | ) | C/A NO. 9:10-17-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Jon Ozmint, John and/or Jane Doe; | ) | |
| Timothy Riley and Ms. Merchant, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On February 9, 2011, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted in part and denied in part, and to the extent Plaintiff's complaint can be read to assert a claimed due process violation, such claim should be dismissed. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Both Plaintiff and Defendants have filed objections to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and the parties objections, the court agrees with the Report's recommendation that Plaintiff's "due process" violation should, to the extent asserted regarding the South Carolina Department of Corrections (SCDC) grievance system, be dismissed. The court also agrees that Defendants are not, at this juncture, entitled to summary judgment as to Plaintiff's claim for injunctive relief. However, Defendants have failed (prior to asserting their position in their "Objections" to the Report) to properly address Plaintiff's claimed First Amendment violations. Plaintiff's complaint does not reference the Eighth Amendment at all, and clearly references the First Amendment. Therefore, Defendants have presented no argument which addresses Plaintiff's asserted Constitutional violation, and are not entitled to summary judgment at this juncture.

Plaintiff objects to certain portions of the Report, but specifically agrees with the Report's finding that no due process claim exists relating to the South Carolina Department of Corrections (SCDC) inmate grievance system. *See* Obj. at 2 (Dkt. 32, filed Feb. 28, 2011). Additionally, Plaintiff argues that to the extent he does assert a "due process" violation, it is inexorably intertwined with his First Amendment claim; that is, that "the due process clause is implicated relative to the overbroad and unconstitutional mail censorship policies." Obj. at 3. As Plaintiff's First Amendment claims will proceed for further briefing and argument as ordered below, the court declines to address this argument at this juncture. To the extent Plaintiff's argument regarding

separate constitutional violations under the First and Fourteenth Amendments is properly asserted, Defendants should address this in a dispositive motion as directed below.[1]

Plaintiff also objects to the Report's determination that Defendants are entitled to qualified immunity relating to his claim for monetary damages. Because the court declines to award summary judgment to Defendants at this time, this objection is moot.

Defendants' Objections contend that they are entitled to summary judgment. However, the objections are, in reality, a separate motion and grounds for summary judgment based upon an analysis and defense to Plaintiff's claims under the First Amendment. An award of summary judgment based upon Defendants' eleventh-hour attempt to disguise a dispositive motion in objections would prejudice Plaintiff's ability to properly respond to the motion. Defendants' failure to address Plaintiff's claims under the proper Constitutional analysis when they filed their initial motion therefore precludes entry of summary judgment at this time.

Defendants' motion for summary judgment (Dkt. #23, filed Oct. 7, 2010) is **denied**. This denial is without prejudice to Defendants' right to file an additional properly-supported dispositive motion. Should Defendant seek to file an additional dispositive motion, it should be filed by **Friday, April 29, 2011**. Plaintiff will then be accorded an opportunity to respond to Defendants' summary judgment motion in a manner consistent with the Rules.[2]

This matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED**.

---

[1] Defendants addressed this argument in their Reply to Plaintiff's Objections. Dkt. #35 (filed Mar. 14, 2011).

[2] Plaintiff's motion to strike (Dkt. #36, filed Mar. 15, 2011) is **moot**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
March 22, 2011