IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Martin Walter Lucas, ) | C/A NO. 9:10-17-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Jon Ozmint, John and/or Jane Doe; ) | |
| Timothy Riley, Acting Warden; and ) | |
| Ms. Merchant, Mail Room Supervisor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On September 15, 2011, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on October 6, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Report.

Plaintiff raises three main objections to the Report. First, Plaintiff disagrees with the Report's analysis of, and weight given to, the "facts" and the Report's alleged failure to examine the "actual" legitimacy and reasonableness of the policies in question regarding restrictions on certain forms of photographs and various magazines. Plaintiff contends that "summary judg[]ment is not appropriate if facts are conflicting," Obj. at 2, and that the Report "seems to have been based upon an elevated requirement of proof needed by the Plaintiff to establish the existence of genuine material facts into the realm of 'clear and convincing' parameters." *Id*. at 8. Second, Plaintiff objects to the Report's deference to the rationale given by prison authorities in support of the restrictive mail policies in question because (he contends) affidavits presented by Defendants are unreliable, false, and misleading. *See* Obj. at 4. Third, Plaintiff objects to the "level of proof applied solely to the Plaintiff's evidentiary basis and arguments." *Id*. at 12. The court agrees with Plaintiff's contention that the Report fails to view the facts in the light most favorable to Plaintiff. Therefore, the court considers the facts in the light most favorable to Plaintiff but concludes that Defendants are entitled to summary judgment.

### A. OFFICIAL CAPACITY CLAIMS

The individually-named Defendants are employees of SCDC which is an "arm of the state." Therefore, to the extent sued in this "official capacity," Defendants are immune from suit because

they are treated as "arms of the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Plaintiff, however, seeks a "compensation order," which this court construes as seeking monetary relief from the Defendants in their individual capacities. Therefore, to the extent sued in their individual capacities, Defendants are not immune from suit.

### B. DEFENDANTS TO BE DISMISSED

#### 1. JON OZMINT

Plaintiff has sued Jon Ozmint, (former) Director of the South Carolina Department of Corrections (SCDC). Plaintiff alleges that each Defendant listed is "responsible for the actions complained of with ultimate responsibility falling within the supervisory umbrella" of Defendant Ozmint. Compl. at 9 (ECF No. 1, filed Jan. 5, 2010).

It is well settled that "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994)). Such liability is not based on ordinary principles of respondeat superior, but rather is premised on "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). In order to establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."

*Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 206 (4th Cir. 2002). "A pervasive risk of harm (under this principle) may not ordinarily be shown by pointing to a single incident or isolated incidents," *Withers v. Levine*, 615 F.2d 158, 161 (4th Cir. 1980), nor is a "(s)howing that individual officers violated a person's constitutional rights on an isolated occasion . . . sufficient to raise an issue of fact whether adequate training and procedures were provided." *McClelland v. Facteau*, 610 F.2d 693, 697 (10th Cir. 1979).

Plaintiff fails to establish a genuine issue of material fact which might reveal the presence of the required elements for supervisory liability against Defendant Ozmint. Therefore, Ozmint is entitled to summary judgment and he is dismissed from this action with prejudice.

### 2. "JOHN AND/OR JANE DOE, CHAIRPERSON"

A plaintiff may name "John Doe" as a defendant when the identity of a defendant is unknown. *Boyd v. Gullet*, 64 F.R.D. 169 (D. Md. 1974). However, a district court is not required "to wait indefinitely" for a plaintiff to provide a defendant's true identity to the court. *Glaros v. Perse*, 628 F.2d 679, 685 (1st Cir.1980). Plaintiff has had sufficient time to identify all the defendants in this action yet has failed to do so.

It is well-settled that in order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Beyond adding "John and/or Jane Doe, Chairperson" to the caption of his case, the allegations in the complaint go to the actions of the purported committee as a whole, not particular actions by "John and/or Jane Doe, Chairperson." Therefore, for the reason discussed above relating to requirements for supervisory liability, Defendant "John and/or Jane Doe, Chairperson," is dismissed from this action with prejudice.

4

### C. DISCUSSION – REMAINING CLAIMS

Plaintiff contends that certain portions of the affidavits of Dennis Patterson, Operations Chief of SCDC, and Nancy Merchant are incorrect. For example, in support of Defendants' summary judgment motion, Patterson avers that photocopies of photographs are prohibited by SCDC Policy PS 10.08, paragraph 5.5.5. *See* Aff. of Dennis Patterson at ¶ 11 ("Paragraph 5.5.5 prohibits photographs scanned from a computer *or photocopied*.") (emphasis added). As correctly noted by Plaintiff, this is inaccurate, as the policy only bans "[p]hotographs that have been scanned from a computer . . . ." Attach. A to Patterson Aff., (SCDC Policy PS 10.08, para. 5.5.5), ECF No. 42-3 at 2 (filed Apr. 28, 2011).[1]

The court agrees that, in the light most favorable to Plaintiff, the Report's reliance on this portion of Patterson's affidavit is faulty. Accordingly, this court finds that the policy, by its terms, bans photographs scanned from a computer. However, while the policy itself does not address "photocopies" of photographs, the rationale given for prohibiting computer-scanned photographs would apply equally to "photocopied" copies of photographs; namely, that certain inmates attempt to circumvent rules relating to possession of loose photographs by copying multiple photographs

---

[1] Plaintiff also contends Merchant never informed him that the reason the letter which accompanied the copies of photographs was withheld was because it was prohibited inmate-to-inmate correspondence. *See* Merchant Aff. at ¶ 5 ("[N]one of the exceptions [for inmate-to-inmate correspondence] applied to the Plaintiff. Therefore, the mail from the other inmate was not delivered to Plaintiff because it violated policy."). While this reason may not have been given to Plaintiff at the time the letter was withheld, this does not change the fact that Plaintiff's grievances and the complaint in this case speak almost exclusively to the "copies" of photographs, not the letter itself. Plaintiff was apparently told, at the time it was withheld, that the letter itself was contraband because of the "copies" of the photographs it contained. He did not seek to grieve this finding that the letter itself would not be delivered to him; that is, that the letter was *not* contraband because of its contents.

onto one page and claiming they are documents, not photographs subject to the limitations on photographs.

### D. CONCLUSION

For these reasons and the reasons set forth in the Report, Plaintiff's motions to certify class and for appointment of counsel are **denied**. Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 10, 2012

6