IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Martin Walter Lucas, ) | C/A NO. 9:10-17-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Jon Ozmint, John and/or Jane Doe; ) | |
| Timothy Riley, Acting Warden; and ) | |
| Ms. Merchant, Mail Room Supervisor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* motion for reconsideration. ECF No. 64 (filed Jan. 27, 2012). Plaintiff seeks reconsideration of this court's order granting summary judgment to Defendants, arguing that the Opinion and Order "does not address and rule upon the substance of Plaintiff's claims, does not reflect a determination upon significant facts, and does not contain specific conclusions of law upon substantive claims sufficient to preserve the matters for appeal." Mot. at 1. Defendants have responded in opposition. ECF No. 65 (filed Feb. 13, 2012).

**NOTICE OF APPEAL**

Plaintiff filed a notice of appeal to the Fourth Circuit Court of Appeals on February 9, 2012. ECF No. 66.[1] As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district

---

[1] The notice of appeal was received by the Clerk on February 14, 2012. However, because Plaintiff is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988).

1

court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. School Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir.1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir. 1988). "However, the district court possessed jurisdiction to modify the injunction under an exception to the general rule: '[A] district court does not lose jurisdiction to proceed as to matters in aid of the appeal.'" *Lytle v. Griffith*, 240 F.3d 404, 408 n.2 (quoting *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir.1991)).

### MOTION FOR RECONSIDERATION

Plaintiff raises two arguments in support of his motion for reconsideration. First, Plaintiff argues that the Opinion and Order ("Order") failed to address his claim regarding the alleged overbroad mail censorship policies of the South Carolina Department of Corrections (SCDC) relating to "innocuous general publications." Mot. at 2. Second, Plaintiff maintains that the Order failed to address relief sought in the complaint, that is, "the injunctive relief of striking down the [overbroad] policies, practices, and procedures as unconstitutional . . . ." Mot. at 4.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah*

*River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990). Plaintiff does not seek to reopen the judgment based upon the first two circumstances noted above. Therefore, it appears Plaintiff seeks to reopen the judgment to prevent an alleged manifest injustice.

Plaintiff's first contention is that the Order fails to address his allegations relating to overbroad mail censorship relating to the receipt of publications. However, in adopting the Report and Recommendation of the Magistrate Judge, the court, by reference, adopted the analysis and conclusion reached by the Magistrate Judge. Therefore, Plaintiff's allegations were properly considered, addressed, and rejected.

Plaintiff's second argument for reconsideration is that the Order should be amended to include analysis of why Defendants are entitled to immunity in an action for declaratory and/or injunctive relief. Mot. at 4. There need be no "analysis" as to why Defendants are entitled to immunity where they are entitled to summary judgment on the merits of claims brought against them.

### CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 2, 2012